IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CHESTER R. JOHNSON #683871 | § | |
| v. | § | CIVIL ACTION NO. 6:14cv518 |
| MASON COUCH, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT</u>

The Plaintiff Chester Johnson, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. Johnson asserts that on January 22, 2014, he was denied medical treatment, handcuffed, and made to lay in bird droppings for two hours, which he believes caused him to suffer a stroke.[1]

After review of the pleadings, the Magistrate Judge issued a Report recommending that Johnson's lawsuit be dismissed pursuant to the three-strike provision of 28 U.S.C. §1915(g). This statute provides that a prisoner who has filed at least three previous lawsuits or appeals which were dismissed as frivolous or for failure to state a claim upon which relief may be granted are barred from proceeding under the *in forma pauperis* statute absent a showing that he is in imminent danger of serious physical injury as of the time of the filing of the new lawsuit. Johnson falls within the provisions of this statute, but did not pay the filing fee or show that he is in imminent danger.

---

[1] Johnson attaches his Step One and Step Two grievances to his complaint. The response to Johnson's Step One grievance indicated that he was brought to the infirmary on a gurney after refusing to move or walk, and the response to his Step Two grievance states that when he was seen in the medical department, he did not complain of a bump on his head or being placed face down in bird droppings, and there is no medical documentation that he has suffered a stroke.

1

Johnson's objections are largely devoted to arguing the merits of his claims. In addressing §1915(g), Johnson contends that he is in imminent danger of serious physical injury because when he was left in the bird droppings, this "exposed me to infectious diseases causing continuous damage to my liver treated by hepatitis B treatment as a result of the defendants' actions."

In order to meet the imminent danger requirement of §1915(g), the threat must be "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time that the complaint or notice of appeal is filed, and the exception refers to "a genuine emergency" where "time is pressing." *Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003). In passing the statute, Congress intended a safety valve to prevent impending harms, not those which had already occurred. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001). In that case, the Third Circuit rejected a claim that allegations of having been sprayed with pepper spray, combined with a claim that prison officials engaged in "continuing harassment, plots to hurt or kill him, and other forms of retaliation," sufficiently alleged imminent danger. *See also Harris v. Thaler*, civil action no. 1:11cv124, 2012 WL 610827 (E.D.Tex., February 24, 2012) (speculative assertions of future harm are not sufficient to show imminent danger).

Johnson offers nothing to substantiate his speculative contention that the alleged exposure to infection resulted in imminent danger of serious physical injury as of the time he filed the lawsuit, some four months after the incident took place. *See Kayser v. Caspari*, 16 F.3d 280, 281 (8th Cir. 1994) (prisoner's self-diagnosis alone will not support a medical conclusion); *accord*, *McClure v. Foster*, civil action no. 5:10cv78, 2011 WL 655819 (E.D.Tex., January 7, 2011, *Report adopted at* 2011 WL 941442 (E.D.Tex., February 16, 2011), *aff'd* slip op. no. 11-40272, 2012 WL 1059408 (5th Cir., March 29, 2012). He has not shown an impending harm posing a genuine emergency in which time is pressing and thus has not met the exemption set out in §1915(g). *Lyles v. Dretke*, slip op. no. 6:08cv382, 2009 WL 722076 (E.D.Tex., March 16, 2009, no appeal taken) (allegations that plaintiff was placed on 11 Building despite threats of assault from officers there, causing mental stress and

high blood pressure resulting in 87 requests for blood pressure medication in 24 days, were not sufficient to show imminent danger). Johnson's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this case, including the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 4) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's application for leave to proceed *in forma pauperis* (docket no. 2) is hereby **DENIED**. It is further

**ORDERED** that the above-styled civil action be and hereby is **DISMISSED WITH PREJUDICE** as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the statutory $400.00 filing fee. It is further

**ORDERED** that should the Plaintiff pay the full filing fee within 15 days after the date of entry of final judgment in this case, he shall be allowed to proceed in the lawsuit as through the full fee had been paid from the outset. It is further

**ORDERED** that a copy of this Memorandum Opinion shall be provided by the Clerk to the Administrator of the Strikes List for the Eastern District of Texas. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**It is SO ORDERED.**

SIGNED this 4th day of September, 2014.

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE